FUSSELL, CARROLL W., Associate Judge.
The defendant in the court below appeals from an adverse summary judgment in the amount of $13,442.52 including interest entered in favor of the plaintiff below and against appellant-defendant for the contract price for 25,000 toys which were delivered to the defendant. The complaint is in two counts: (1) for goods sold and delivered under contract; and (2) for goods sold and delivered.
The answer of the defendant admits the contract, order, sale, delivery and the receipt of the merchandise, and also the failure to pay for same, but denies there is any indebtedness due from the defendant to the plaintiff.
The defense to the second count denies each and every material allegation of said count. Also under the heading entitled “Defenses” the defendant alleges that under the contract he was to have the exclusive right to sell this merchandise; that the plaintiff prior to the consummation of the contract with the defendant and prior to the delivery of the goods, sold large quantities of the merchandise to J. C. Penney retail stores, which facts were not known to the defendants and were willfully and fraudulently concealed by the plaintiff from the defendant. These defenses them pray for a rescission of the contract.
The plaintiff then filed motion for summary judgment based on affidavit filed by the plaintiff, the exhibits, pleadings and! the deposition of the defendant. No counter-affidavit was filed by the defendant.. The affidavit filed by the plaintiff states-that the merchandise in question was ordered under the contract attached to the complaint by the defendant and sold and delivered to the defendant and that the defendant: has not paid therefor, and also as to the: amount due the plaintiff by reason thereof.. This, of course, is also admitted by the defendant in his answer to count 1 of the complaint.
Therefore, the only thing left for decision-by the court in the way of an issue would be whether or not the defendant was entitled to a rescission of the contract as alleged and prayed for in his pleading entitled “Defenses”.
The deposition of the defendant contains-an admission by the defendant that he received the merchandise and has not paid' anything on account of it. It also states-that he sold certain of the merchandise for which he owes approximately $1500.00 and' that this has not been paid, although it was-offered to the plaintiff, according to- his-testimony. However, there is no tender of this amount in the registry of the court. The deposition of the defendant then states-that he attempted to and offered to return the merchandise to the plaintiff and that the plaintiff refused to accept it; whereupon he kept it for approximately a year and then delivered it to the Salvation Army *699 ••and certain social organizations for gifts to dependent children.
Under these facts and since the defendant now admits that he has disposed of all the merchandise, there, is no way in which the parties could be placed in status quo and the contract rescinded. In addition to the ■above facts the defendant admits that the ■-merchandise was partly sold and given away ¡after he found that the plaintiff had misled 'him in the matters upon which he is seek-ring rescission. This, of course, would pre•clude a rescission, as the contract was thus ¡ratified.
There are thus no factual matters pre•sented by the pleadings which are not disposed of, and the lower court properly enter-ed its summary judgment in favor of the plaintiff.
Af firmed.
ALLEN, C. L, and PIERCE, L, concur.